
ACCEPTED
14-15-00216-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 4:06:26 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/6/2015 4:06:26 PM
CHRISTOPHER A. PRINE
Clerk

## 14-15-00216-CR, 14-15-00217-CR, 14-15-00218-CR, 14-15-00219-CR

IN THE

# Court of Appeals
## For the Fourteenth Judicial District of Texas
### At Houston

---

# RODNEY DEAN SEWELL,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

---

Cause numbers 1402508, 1403353, 1408337 & 1417442
In the 176th Judicial District Court
Of Harris County, Texas

---

## APPELLANT'S BRIEF

---

ANN LEE MOSELEY
ATTORNEY FOR APPELLANT
T.B.C. 90001927
2002 TIMBERLOCH PLACE #200
THE WOODLANDS, TX 77380

## ORAL ARGUMENT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 9.4(g) and Tex. R. App. P. 39.1, appellant requests oral argument.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................3

INDEX OF AUTHORITIES.................................................................................4

STATEMENT OF THE CASE.............................................................................5

STATEMENT OF FACTS..................................................................................5

SUMMARY OF THE ARGUMENTS....................................................................7

STANDARD OF REVIEW.................................................................................7

ARGUMENT..................................................................................................8

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1 (a), the following are parties or counsel to the judgment appealed from:

| | |
|---|---|
| Presiding Judge: | The Honorable Stacey Bond<br>176th Criminal District Court<br>1201 Franklin<br>Houston, Texas 77002 |
| Appellant: | Rodney Dean Sewell<br>TDCJ# 01987126<br>Ferguson Unit<br>12120 Savage Drive<br>Midway, Texas 75852 |
| Attorney for the State: | Alan Curry<br>Harris County District Attorney's Office<br>1201 Franklin, Suite 600<br>Houston, Texas 77002 |
| Attorneys for the Appellant: | Ted Doebbler (at trial)<br>5 Voss Park Dr.<br>Houston, TX 77024-3125<br><br>Ann Lee Moseley (on appeal)<br>2002 Timberloch Place, #200<br>The Woodlands, Texas 77380 |

3

# INDEX OF AUTHORITIES

## CASES

*Anderson v. State.*
  182 S.W.3d 914 (Tex. Crim. App. 2006)................................................................7

*Breazeale v. State,*
  683 S.W.2d 446 (Tex. Crim. App. 1984)................................................................9

*Cantu v. State.*
  988 S.W.2d 481 (Tex. App.--Houston [1st Dist.] 1999. pet. ref'd) 1997).............8

*Coronado v. State.*
  25 S.W.3d 806 (Tex. App.--Waco 2000. pet. ref'd)................................................8

*Dinnery v. State.*
  592 S.W.2d 343 (Tex. Crim. App. 1980)(op. on reh'g)..........................................8

*Franco v. State,*
  552 S.W.2d 142 (Tex. Crim. App. 1977)................................................................9

*Houston v. State,*
  201 S.W.3d 212 (Tex. App.--Houston [14th Dist] 2006).......................................9

*Martinez v. State.*
  981 S.W.2d 195 (Tex. Crim. App. 1998)............................................................7. 8

*North Carolina v. Alford,*
  400 U.S. 25 (1972)......................................................................................7. 9. 10

*Pena v. State.*
  132 S.W.3d 663 (Tex. App.--Corpus Christi 2004. no pet.)...................................8

## STATUTES

**TEX. CODE OF CRIM. PROC.**
  § 26.13 (Vernon Supp 2009)...........................................................................7. 10

## RULES

TEX. R. APP. P. 39.1..........................................................................................1

TEX. R. APP. P. 9.4(g).......................................................................................1

TEX. R. APP. P. 38.1..........................................................................................3

4

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

This is an appeal from a plea of guilty in four unrelated cases.[1] The Appellant was set for trial on February 25, 2015. Instead, the Appellant entered a plea of guilty to each of the four cases with which he was charged and sentenced to thirty (30) years TDCJ-ID for murder in cause number 1417442; twenty-five (25) years in two aggravated robbery cases, cause numbers 1403353 and 1400739; and twenty (20) years in TDCJ-ID for a felon of possession of a weapon case, cause number 1402509. (I CR at 93-4 in 14-15-00219-CR; I CR at 90-1 in 14-15-00218-CR; I CR at 92-3 in 14-15-00217-CR; I CR at 84-5 in 14-15-00216-CR). All sentences are to run concurrently. The Appellant gave timely notice of appeal.

◆

## STATEMENT OF FACTS

On Appellant's trial date, the trial court admonished the Appellant that the State of was willing to offer 30 years TDCJ-ID on all cases to run concurrently in lieu of trial. (I RR at 3). The trial court continued, telling the Appellant that if he were to go to trial his range of punishment was up to life imprisonment; his convictions could be stacked; and

---

[1] A plea on a fifth case was entered at the same time, trial court number 1400739 and appellate court number 14-15-00215-CR. An *Anders* brief is being filed contemporaneously in that case.

that if the Appellant were to plead guilty, he would still allow him to appeal. (I RR at 3-4, 7, 9).

The Appellant told the trial court that he accepted the plea bargain of 30 years TDCJ-ID on the aggravated robbery case the State was prepared to try that day, cause number 1400739. (I RR at 5, 11-12).[2] Regarding the remaining cases, he was "not willing to accept them because I am not guilty of all of them" and that he "didn't do the other cases." (I RR at 6-7). Nevertheless, the Appellant later expressed that he would willingly accept 25 years for everything. (I RR at 11). In the alternative, the Appellant offered to plead to 30 years on the aggravated robbery in cause number 1400739, and accept 25 years on the remaining cases. (I RR at 12).

During the course of this exchange, the Appellant complained that his attorney had "shut him out:" was trying to "force [the] paperwork down [his] throat:" and that he had been unable to see trial counsel more than five minutes on each of his court dates. (I RR at 6, 9). The trial court told Appellant that he had a conversation with trial counsel and that trial counsel knew everything about the case. (I RR at 9).

The trial court stood in recess, and when the record resumed the Appellant pleaded guilty to all the charges. (I RR at 13). The trial court asked the Appellant whether he was pleading guilty or not guilty. (I RR at 13, 15, 16, 18). The Appellant responded that he "pleaded guilty for the plea bargain." (I RR at 14, 15, 16, 18). He later explains that he was "just accepting the plea bargain so I don't have to go to trial." (I RR at 17).

---

[2] A separate *Anders* brief was filed in cause number 1400739.

6

The Appellant responds affirmatively to the question of whether he understood the charges and could "intelligently discuss them with your attorney and assist him in representing you[.]" (I RR 20).

## SUMMARY OF THE ARGUMENTS

***Sole Point of Error:*** The Appellant plea was involuntary and he was denied Due Process when the trial court accepted his plea of guilty despite his assertion of innocence. See TEX.CODE CRIM. PROC. art. 26.13.

## APPLICABLE LAW

In *North Carolina v. Alford.* 400 U.S. 25 (1972) the Supreme Court found no material difference between a plea where one refuses to admit commission of the criminal act. and a plea where one protests his innocence so long as a defendant intelligently concludes his interests require the entry of a guilty plea ***and the record before the judge contains strong evidence of guilt.*** *Id.* at 37.

## APPELLANT'S SOLE POINT OF ERROR

The Appellant's plea of guilty was involuntary and he was denied Due Process of law when the trial court accepted his pleas.

## STANDARD OF REVIEW

It is well established that a guilty plea must be entered into voluntarily and freely. TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *Anderson v. State.* 182 S.W.3d 914, 921 n.1 (Tex.Crim.App. 2006) (Hervey. J.. concurring). When considering the voluntariness of a guilty plea. the reviewing court must examine the entire record. *Martinez v. State,* 981

7

S.W.2d. 195. 197 (Tex.Crim.App. 1998) (per curiam). If the trial court properly admonished the defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Id.* The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Pena v. State.* 132 S.W.3d 663, 666 (Tex. App.—Corpus Christi 2004, no pet.). Therefore, a defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Coronado v. State.* 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd); *Cantu v. State.* 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999. pet. ref'd).

## ARGUMENT

### I. THE APPELLANT'S PLEAS OF GUILTY WERE INVOLUNTARY, THUS THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN ACCEPTING THEM.

During the plea proceedings, the Appellant clearly and unequivocally asserted his innocence to the trial court. (I RR at 6-7). Only after much discussion and explanations by the court regarding the dire consequences the Appellant may face if he did not plead guilty, the Appellant proceeded with guilty pleas. (I RR at 5-12).

Admittedly, the Appellant signed judicial confessions which historically are enough to support a guilty plea. (I CR at 80-1 in 14-15-00218-CR; I CR at 82-3 in 14-15-00217-CR; I CR at 83-4 in 14-15-00219-CR)(*see Appellant's "A" attached to this brief*). See *Dinnery v. State.* 592 S.W.2d 343, 353 (Tex.Crim.App.1980)(op. on reh'g).

8

The statement of the accused must have been voluntarily given before a magistrate, or court, in the due course of legal proceedings in order to constitute a judicial confession. See *Franco v. State*, 552 S.W.2d 142, 144 (Tex. Crim. App.1977). The courts presume recitals in court documents are correct unless the record affirmatively shows otherwise. *Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.--Houston (14th Dist.) 2006) *citing Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984).

In these cases, the record *clearly and affirmatively* shows that the Appellant was **not** pleading guilty knowingly and voluntarily despite the "recitals in court documents." On the contrary, the Appellant protested his innocence, and indicated he was feeling pressured to plead guilty. (I RR at 6-7, 9). The trial court repeatedly told the Appellant he faces life imprisonment and the possibility of stacked sentences in an obvious effort to get the Appellant to plead. (I RR at 3-4, 7, 9). More importantly, there is no evidence of guilt on the record. The Appellant's proclamation of innocence does not alone negate the validity of his plea, ***but the record before the trial court did not contain strong evidence of guilt before the Appellant's pleas were accepted.*** See *North Carolina v. Alford*, 400 U.S. 25, 31-2 (1970).

In *North Carolina v. Alford*, the Supreme Court found no material difference between a plea where one refuses to admit commission of the criminal act, and a plea where one protests his innocence so long as a defendant intelligently concludes his interests require the entry of a guilty plea ***and the record before the judge contains strong evidence of guilt.*** *Id.* at 37. Alford was charged with capital murder. *Id.* at 26. Instead of risking the death penalty, he decided to plead guilty. *Id.* at 27. An evidentiary

9

hearing was held prior to the court accepting Alford's plea, allowing the court to hear from several witnesses who inculpated Alford. *Id.* at 28-9. When Alford pleaded guilty despite maintaining his innocence, the court was confident that his due process rights were preserved based on the abundant evidence of Alford's actual guilt. *Id.* at 37-8).

In the case before this Court, the record is silent as to the Appellant's guilt. The mere recitals set forth in the judicial confession do not rise to the level of "strong evidence of guilt" envisioned by the Supreme Court in *Alford*. Moreover, though the Appellant signed documents titled "judicial confessions" this was done only after he proclaimed his innocence several times. (I RR at 6-7). The Appellant admits he was only pleading guilty for the plea bargain and so he didn't have to go to trial, not unlike *Alford*. (I RR at 14-18). As such, the trial court was required to have strong evidence of the Appellant's guilt before allowing him to enter a plea of guilty. *Alford* at 37. The fact there was no such evidence rendered the Appellant's pleas involuntary, causing him to be denied due process of law. *See* TEX.CODE CRIM. PROC. art. 26.13.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED,*

The Appellant respectfully prays that the court's judgments be vacated. Alternatively, the Appellant prays that the court's judgements be reversed and that the case be remanded to the trial court.

———————◆———————

10

## CERTIFICATE OF SERVICE

I certify that on October 6, 2015, a copy of the foregoing instrument has been delivered electronically to Alan Curry, Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, TX 77002.

/s/ Ann Lee Moseley

Ann Lee Moseley
Attorney for Appellant
2002 Timberloch Place #200
The Woodlands, Texas 77380
TBC No. 90001927

Date: October 6, 2015.

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,204 words, based on the representation provided by the word processing program that was used to create the document.

/s/ Ann Lee Moseley

Ann Lee Moseley
Attorney for Appellant
2002 Timberloch Place #200
The Woodlands, Texas 77380
TBC No. 90001927

Date: October 6, 2015.

**Appellant's Exhibit "A"**
**Motion for New Trial**
(official copy has been requested from the clerk)

CAUSE NOS. 1417442, 1408337, 1403353, 1402508 & 1400739

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 176TH |
| V. | § | DISTRICT COURT |
| RODNEY DEAN SEWELL | § | OF HARRIS COUNTY, TX |

## MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RODNEY DEAN SEWELL the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1.    The Defendant was sentenced on FEBRUARY 25, 2015. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence, which is MAY 11, 2015, or this motion is overruled by operation of law.

2.    The verdict in this cause is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3.

3.    In support of defendant's motion, the following facts outside the record are hereby alleged:

The Defendant did not receive effective assistance of counsel. Specifically, trial counsel failed to communicate with the Defendant and failed to file appropriate motions. The Defendant was unaware of the evidence the State was going to present against him, and counsel did not meet with the Defendant prior to trial, other than court dates, to discuss the cases or any

possible defenses. These actions caused the Defendant to be anxious on the day of trial, to the point that he felt coerced to enter an involuntary plea. Moreover, the Defendant had only been receiving medication for his mental health condition for a short period of time before he entered his plea. The Defendant was not competent to make a decision on the date the plea was entered. As such, the Defendant's plea was involuntarily entered.

4. The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In Mullins v. State, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:

... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

5. For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Respectfully submitted,

Law Office of Ann Lee Moseley
2002 Timberloch Place, Suite 200
The Woodlands, Texas 77380
phone. 832-259-4637

## CERTIFICATE OF PRESENTMENT

By signature above I hereby certify that a true and correct copy of the above and foregoing has been hand-delivered to the Office for the 176th Judicial District Court of HARRIS County, on this day, March 26, 2015

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Harris County, 1201 FRANKLIN, HOUSTON, TX 77002, by hand delivery.

Ann Lee Moseley

## ORDER FOR A SETTING

On _____ 2015, the Defendant filed a Motion for New Trial and Motion in Arrest of Judgment. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____ at _____.

Signed on _____.


_____
JUDGE PRESIDING


## ORDER

The COURT hereby GRANTS/DENIES the Defendant's Motion for New Trial and Motion in Arrest of Judgment.

Signed on _____.


_____
JUDGE PRESIDING

## AFFIDAVIT

BEFORE ME, the undersigned authority, appeared ANN LEE MOSELEY, who after being duly sworn by me stated the following under oath:

"My name is ANN LEE MOSELEY. I am the attorney for Rodney Dean Sewell in this cause. I am over the age of 18 years, have never been convicted of a felony, and am competent to make this affidavit.

"I was appointed to represent Mr. Jones on March 5, 2015. Mr. Sewell was represented by Ted Doebbler at trial. Mr. Sewell told me that he asked Mr. Doebbler to file a motion contesting the validity of the enhancement paragraphs on the indictments but Mr. Doebbler did not. Mr. Sewell also indicated that Mr. Doebbler did not meet with him other than on the court dates. Mr. Sewell was unaware of the evidence that was going to be presented against him, and the general strength or weakness of the cases against him other than one aggravated robbery wherein there was a surveillance video. Because Mr. Sewell was unaware of the State's evidence in his cases, he did not feel capable of making a sound decision, and felt coerced and pressured by trial counsel to enter a plea.

This was exacerbated by the fact that he had started taking medication for his mental health disorder approximately two weeks prior to the date the plea was entered and did not feel stable or competent at the time of his plea. Mr. Sewell informed trial counsel he did not feel competent, but again felt pressured to enter a plea. As such, his plea was involuntary."

_____
ANN LEE MOSELEY
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, this

day of _____, 2015.

JUAN JOSE AGUIRRE
My Commission Expires
April 25, 2016

Notary Public, State of Texas

**Appellant's Exhibit "B"**
**Affidavit from trial counsel**
(official copy has been requested from the clerk)

No. 1417442, 1408337, 1403353,
1402508 & 1400739

| | | |
|---|---|---|
| STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS. | ) | HARRIS COUNTY, T E X A S |
| RODNEY DEAN SEWELL | ) | 176TH JUDICIAL DISTRICT |

**P2**

FILED
Chris Daniel
District Clerk

MAY 11 201?

Time: _____
By _____
Harris County, Texas
Deputy

AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| COUNTY OF HARRIS | ) |

BEFORE ME, the undersigned authority, on this day personally appeared Ted Doebbler, who upon oath, deposed and stated as follows:

"My name is Mr. Ted Doebbler, the Attorney of Record For Rodney Sewell, the Defendant, in the above numbered and Styled causes previously pending in the 176th District Court of Harris County, Texas.

In the above styled case the Defendant was fully informed of the facts that constituted the offenses as charged. Those facts, including but not limited to, that Rodney Sewell was charged with Five Felony Offenses.

Rodney Sewell was competent and clearly understood all facts of the charged offenses. The State was going to proceed to Jury Trial on the Aggravated Robbery. In that offense, Rodney Sewell was seen on video, without any facial mask, pistol whipping and removing property at the complainant's location. All other offenses were to be brought in at the punishment phase of Rodney Sewell's trial.

In addition to court dates, I met with Rodney Sewell discussed the case at the jail. Rodney Sewell was clear that he did not wish to proceed to trial. I met with his mother and we communicated on numerous occasions. She, like her son, did not want him to proceed to trial.

I fully discussed all case facts that were contained in the offense report with the Defendant and his prior conviction. If Rodney Sewell's prior felony conviction was found true, possible punishment range was from Fifteen (15) to Ninety-Nine (99) years or life in the Texas Department of Criminal Justice, Institutional Division. The Defendant was willing to plea for Thirty (30) years. All Five charged offenses run concurrently

"I have read the above and foregoing affidavit and everything contained therein is with my personal knowledge and true and correct to the best of my knowledge. I further represent that I have signed this affidavit freely and voluntarily."

Ted Doebbler

SUBSCRIBED AND SWORN TO before me on this the _____th day of May, 2015.


Notary Public in and for the State of Texas

My commission expires: